

**Ronald D. Coleman**
rcoleman@lawfirm.ms

New Jersey ● New York ● Colorado ● Florida

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600

1270 Avenue of the Americas
Suite 1808
New York, New York 10020
212.776.1834
www.lawfirm.ms

October 25, 2018

**BY ECF**

Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

  Re: Now-Casting Economics, Ltd.  v. Economic Alchemy LLC
     Case 1:18-cv-02442-RJS

Dear Judge Sullivan:

  We represent defendant / counterclaim plaintiff Economic Alchemy, LLC ("EA") write in response to the promotion letter submitted by the twelve Federal Reserve Banks ("Banks") on October 22, 2019 (Dkt. No. 54).  The Banks put forward three reasons why dismissal is appropriate.  We respond *seriatim*.

  **1.** **Federal Rule of Civil Procedure 14 does not mandate dismissal**

  The Banks submit that Fed. R. Civ. P. 14 only applies where a party seeks indemnification, contribution or subrogation.  This is inaccurate.  "A third party claim may be asserted when the third party's liability is **somehow dependent** on the outcome of the main action **or** when the third party is secondarily liable to the defendant. The purpose of Rule 14 is to avoid two separate actions which should be tried together; to save the time and cost of duplicating evidence; to obtain consistent results; and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against a third-party." *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F. Supp. 3d 634, 656 (S.D.N.Y. 2017) (internal citations and quotes omitted; emphasis added).

  It cannot seriously be argued that this Court's rulings concerning identical claims based on identical allegations concerning the identical trademark brought by parties which, on the face of the pleadings, are affiliated and alleged to be acting in concert do not meet this standard. With regard to



whether this action would settle all aspects of the parties' controversy, this factor also does not counsel discretionary stay or dismissal. As the FN Cellars court noted, "A declaratory action is preferable to a TTAB action for addressing 'all aspects of the controversy between the parties, because the TTAB cannot address a trademark non-infringement claim." *Whole E Nature, LLC v. Wonderful Co., LLC*, No. 17CV10-LAB (KSC), 2017 WL 4227150, at *3 (S.D. Cal. Sept. 22, 2017) (internal citations and quotes omitted). Given that EA's claims could be brought separately as a declaratory judgment action against the Banks, and that such an action could – by virtue of the identity of the issues of the respective parties' posture with respect to EA – be consolidated with this one, skipping that step and joining the Banks in this action is entirely consistent with Rule 14.

### 2. **Federal Rule of Civil Procedure 19 does not mandate dismissal**

The Banks deny EA's assertion that the standard for joinder under Fed. R. Civ. P. 19 is met by the likelihood of "inconsistent obligations" because that eventuality is merely "speculative." It is not. Nor should the Court credit the argument by the Banks that "complete relief" can be afforded any of the parties in this action with respect to the rights and indeed the protectability of the subject rrademark without including the identical claims by the Banks.

A similar situation was addressed by the court in *Oreck Corp. v. Nat'l Super Serv. Co.*, No. CIV. A. 95-3738, 1996 WL 371929 (E.D. La. July 2, 1996):

> Through its business activities, Karcher is engaging in a course of conduct which brings it into adversarial conflict with Oreck. Karcher, NSS, and Oreck are all selling and marketing similar products.While Oreck claims it has a valid trademark, NSS and Karcher are seeking a declaratory judgment rendering it invalid. Even though Oreck claims that they have no knowledge of infringement by Karcher or that they have no present intention to sue Karcher, the business activities of Karcher constitute "adversarial conflict".
>
> Karcher has a direct interest in having a declaratory judgment rendered that Oreck's trademark is invalid. Since both of the prongs can be met under these facts, subject matter jurisdiction exists over the counterclaims.
>
> Karcher has met the requirements under FRCP 19 and 20 to be joined as a counterclaimant; as such, status as an indispensable party is immaterial.

*Id*. at *3. Here, too, Rule 19 appropriately encompasses the claims and interests and joinder is appropriate.

### 3. **The Court has jurisdiction over the Banks**

The facts going to the question of whether, as they claim, the Banks are not subject to personal jurisdiction in New York should not be determined in a motion at this stage, given the specificity of the pleadings. "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013). The



denial that the Banks are subject to general personal jurisdiction is a very dubious claim, however, based on a wealth of matters of public record and indeed admitted by the Banks themselves.[1] Moreover, "[t]he New York Court of Appeals has interpreted injury "within the state" to include harm to a business in the New York market through lost sales or lost customers." *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997)

But it is undisputed that the Banks have filed oppositions and petitions to cancel the subject marks of EA in the TTAB. This is more than sufficient to confer personal jurisdiction on this Court and to establish subject matter jurisdiction as well. *Neilmed Prod., Inc. v. Med-Sys., Inc*., 472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007) (defendant's detailed notice of opposition in TTAB gave declaratory judgment plaintiff reasonable apprehension of being sued).

For these reasons the Banks' request that the Court dismiss the third-party complaint against them should be denied, and certainly should not be granted without full motion submissions and a hearing.

Respectfully submitted,

Ronald D. Coleman

---

[1] "The Depository Institutions Deregulation and Monetary Control Act of 1980 (Monetary Control Act) introduced an even greater degree of coordination among Reserve Banks with respect to the pricing of financial services offered to depository institutions. There has also been a trend among Reserve Banks to centralize or consolidate many of their financial services and support functions and to standardize others. Reserve Banks have become more efficient by entering into intra-System service agreements that allocate responsibilities for services and functions that are national in scope among each of the 12 Reserve Banks." "Structure of the Federal Reserve System," Federal Reserve web page, found at https://www.federalreserve.gov/aboutthefed/structure-federal-reserve-system.htm (October 25, 2018).