**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NOW-CASTING ECONOMICS, LTD.,

*Plaintiff*,

-*v*.-

ECONOMIC ALCHEMY LLC,

*Defendant*.

No. 18-cv-02442 (ER)

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO DISMISS BY "THIRD-PARTY DEFENDANTS"**

## TABLE OF CONTENTS

**Contents**                                                                    **Page**

TABLE OF CONTENTS...................................................................... i

TABLE OF AUTHORITIES ................................................................. ii

I.     PRELIMINARY STATEMENT ........................................................1

II.    STATEMENT OF FACTS ...............................................................2

III.   ARGUMENT ...................................................................................2

   A.   EA failed to properly join the Reserve Banks ...................................2

   B.   The Court lacks jurisdiction over 11 Reserve Banks...............................5

      i.   This Court does not have general personal jurisdiction over the 11 non-New York banks.........................................................................................5

      ii.  This Court also lacks specific personal jurisdiction over the 11 non-New York banks..........................................................................................7

   C.   This venue is improper for the claims asserted against all 11 non-New York banks......................................................................................................8

   D.   The TPC does not satisfy minimum notice pleading or state a claim on which relief can be granted for any of its five causes of action, all of which must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). ...........................9

      i.   First Through Third Third-Party Causes of Action: the Trademark Claims.......10

      ii.  Fourth Third-Party Cause of Action: New York Deceptive Business Practices, N.Y. Gen. Bus. L. § 349..................................................................13

      iii. Fifth Third-Party Cause of Action: Breach of Contract .................................15

IV.    CONCLUSION.................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                    <u>**Pages**</u>

*Alibaba Grp. Holding v. Alibabacoin Found.*,
No. 18-CV-2897(JPO), 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018) ..................7

*Arkwright-Boston Mfrs. Mut. Ins. v. New York*,
762 F.2d 205 (2d Cir. 1985)........................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................9

*Bank of India v. Trendi Sportswear, Inc.*,
239 F.3d 428 (2d Cir. 2000)........................................................................................3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................9

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007)........................................................................................7

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)........................................................................................5-6

*Can't Live Without It, LLC v. ETS Express, Inc.*,
287 F. Supp. 3d 400 (S.D.N.Y. 2018)................................................................12

*Car-Freshner Corp. v. D & J Distribg. & Mfg., Inc.*,
No. 14-CV-391 PKC, 2014 WL 3900564 (S.D.N.Y. Aug. 8, 2014)......................9

*Chanel, Inc. v. WGACA, LLC*,
No. 18 CIV. 2253 (LLS), 2018 WL 4440507 (S.D.N.Y. Sept. 14, 2018) .............11

*Coach, Inc. v. Horizon Trading USA Inc.*,
908 F. Supp. 2d 426 (S.D.N.Y. 2012).........................................................13, 15

*Cottman Transmission Sys., Inc. v. Martino*,
36 F.3d 291 (3d Cir. 1994)........................................................................................8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)........................................................................................6

*Davis v Avvo, Inc.*,
No. 18-CV-2835 (JGK), 2018 WL 6629269 (S.D.N.Y. Dec. 19, 2018) ......... 14-15

*Detroit Coffee Co., LLC v. Soup For You, LLC*,
No. 16-CV-9875 (JPO), 2018 WL 941747 (S.D.N.Y. Feb. 18, 2018) ...................8

*Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*,
  451 F.3d 295 (2d Cir. 2006)............................................................................ 12-13

*Eaves v. Designs for Fin., Inc.*,
  785 F. Supp. 2d 229 (S.D.N.Y. 2011)..................................................................16

*ESPN, Inc. v. Quiksilver, Inc.*,
  586 F. Supp. 2d 219 (S.D.N.Y. 2008)............................................................ 10-11

*Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*,
  443 U.S. 340 (1979)..............................................................................................2

*Genesee Brewing Co. v. Stroh Brewing Co.*,
  124 F.3d 137 (2d Cir. 1997)...............................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)..............................................................................................6

*GTFM, Inc. v. Solid Clothing, Inc.*,
  215 F. Supp. 2d 273 (S.D.N.Y. 2002).................................................................13

*Gucci Am., Inc. v. Li*,
  768 F.3d 122 (2d Cir. 2014).................................................................................7

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
  206 F. Supp. 3d 869 (S.D.N.Y. 2016)......................................................... 9-10, 12

*Harsco Corp. v. Segui*,
  91 F.3d 337 (2d Cir.1996)............................................................................ 15-16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)..............................................................................................8

*Hudson & Broad, Inc. v. J.C. Penney Corp.*,
  553 F. App'x 37 (2d Cir. 2014) ..........................................................................15

*In re Del Valle Ruiz*,
  — F. Supp. 3d —, Nos. 18 Misc. 85 (ER), 18 Misc. 127 (ER),
  2018 WL 5095672 (S.D.N.Y. Oct. 19, 2018)................................................... 6-7

*Int'l Shoe Co. v. State of Wash.*,
  326 U.S. 310 (1945)..............................................................................................8

*IntelliPayment, LLC v. Trimarco*,
  No 15-CV-01566 (JFB)(GRB), 2016 WL 1239261 (E.D.N.Y. Mar. 29, 2016)......3

*King v. Pine Plains Cent. Sch. Dist.*,
  918 F. Supp. 772 (S.D.N.Y. 1996).......................................................................4

*Kittat v. Kornstein*,
    230 F.3d 531 (2d Cir. 2000)................................................................................9

*Levy v. Bessemer Tr. Co.*,
    97 CIV. 1785 (JFK), 1997 WL 431079 (S.D.N.Y. July 30, 1997).......................16

*Luv N' Care, Ltd. v. Walgreen Co.*,
    695 F. Supp. 2d 125 (S.D.N.Y. 2010)................................................................14

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
    471 F.3d 377 (2d Cir. 2006)..............................................................................4

*Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*,
    497 F.2d 1151 (2d Cir. 1974)............................................................................5

*Northpark Nat. Bank v. Bankers Tr. Co.*,
    572 F. Supp. 520 (S.D.N.Y. 1983)....................................................................6

*Owens v. Gaffken & Barriger Fund, LLC*,
    No. 08–8414, 2009 WL 3073338 (S.D.N.Y. Sept. 21, 2009).............................16

*Peregrine Myan. Ltd. v. Segal*,
    89 F.3d 41 (2d Cir. 1996) ................................................................................4

*Pilates, Inc. v. Pilates Inst., Inc.*,
    891 F. Supp. 175 (S.D.N.Y. 1995)....................................................................8

*Royalty Network Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009)................................................................7

*Savin Corp. v. Savin Grp.*,
    No. 02 CIV.9377 SAS, 2003 WL 22451731, at *16 (S.D.N.Y. Oct. 24, 2003)....11

*Secs. Indus. Ass'n v. Bd. of Governors of the Fed. Reserve Sys.*,
    468 U.S. 137 (1984).........................................................................................2

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002)............................................................................13

*Socci v. JP Morgan Chase & Co.*,
    No. 2:17-cv-5469 (DRH)(AYS), 2018 WL 4388454
    (E.D.N.Y. Sept. 14, 2018).............................................................................4-5

*Stadnick v. Vivint Solar, Inc.*,
    861 F.3d 31 (2d Cir. 2017)...............................................................................9

*Starr Int'l v. Fed. Reserve Bank of N.Y.*,
    742 F.3d 37 (2d Cir. 2014)...............................................................................2

iv

*Sussman-Automatic Corp. v. Spa World Corp.*,
    15 F. Supp. 3d 258 (E.D.N.Y 2014) ....................................................................12

*U-Neek, Inc. v. Wal-Mart Stores, Inc.*,
    147 F. Supp. 2d 158 (S.D.N.Y. 2001) ........................................................... 13-14

## **Statutes / Laws / Rules / Other**            **Pages**

12 U.S.C. §§ 248(j), 341 ............................................................................................2, 6

15 U.S.C. § 1114(1); Lanham Act § 32(1) ............................................................ 10-14

15 U.S.C. § 1125(a); Lanham Act § 43(a) ............................................................ 10-13

28 U.S.C. 1391 .......................................................................................................... 8-9


Fed. R. Civ. P. 12(b) .........................................................................................8, 10, 15

Fed. R. Civ. P. 14 ...........................................................................................................3

Fed. R. Civ. P. 19 ....................................................................................................... 3-4

Fed. R. Civ. P. 20 ...........................................................................................................5

Fed. R. Civ. P. 21 ...........................................................................................................9


N.Y. Gen. Bus. L. § 349 .......................................................................................... 13-15

N.Y. C.P.L.R. § 302(a) ...................................................................................................7

I.      **PRELIMINARY STATEMENT**

This case concerns a trademark dispute related to the term "nowcast."  On March 19, 2018 Plaintiff Now-Casting Economics, Ltd. ("NCEL") filed a complaint for declaratory judgment against Defendant Economic Alchemy LLC ("EA") seeking cancellation of Economic Alchemy's trademark registrations for the terms NOWCAST and NOW-CAST; a declaration of noninfringement related to NCEL's use of those terms; and an order restraining EA from interfering with NCEL's future use of them.

On August 21, 2018, EA filed an amended answer to the complaint.  (Dkt. 36.)  The amended answer contains a Third-Party Complaint ("TPC") purporting to name the twelve Federal Reserve Banks and the Board of Governors of the Federal Reserve System — 13 new and independent parties — as Third-Party Defendants.[1]  (*Id.* at 21-32.)  The TPC alleges violations of the Lanham Act §§ 32(1), 43(a), New York General Business Practices Law § 349 and state common law.[2]  (*Id.*)  The TPC also asserts a breach of contract claim against FRB Boston and FRB New York.  (*Id.*)

The TPC should be dismissed for multiple reasons.  *First*, EA has failed to properly join the banks into this action under any of Fed R. Civ. P. 14, 19, or 20.  *Second,* none of the banks other than FRB New York is subject to personal jurisdiction in this court and venue is improper as to these same eleven banks.  *Third*, even if EA had properly joined the banks into this action and all the banks were subject to personal jurisdiction in this court – neither of which is true – EA has failed to state a claim for relief for any of its five causes of action.

---

[1] The undersigned counsel do not represent the Board.  We understand, however, that EA never served the Board of Governors with process.

[2] The TPC does not specify what State's common law it is asserting.  For purposes of this motion we assume it is the State of New York.

## II.    STATEMENT OF FACTS

The Federal Reserve System is composed of twelve Federal Reserve Banks, the Board of Governors of the Federal Reserve System, and the Federal Open Market Committee ("FOMC"). Both the Board of Governors and the FOMC are independent agencies of the United States Government.  *Secs. Indus. Ass'n v. Bd. of Governors of the Fed. Reserve Sys.*, 468 U.S. 137, 142 (1984); *Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 344–45 (1979). The Reserve Banks are federally chartered corporate instrumentalities of the United States.  12 U.S.C. §§ 248(j), 341; *see Starr Int'l v. Fed. Reserve Bank of N.Y.*, 742 F.3d 37, 40 (2d Cir. 2014).  They carry out the nationwide operational responsibilities of the central bank of the United States.

EA is a company that "offers and provides services in the nature of economic information, consultancy, and software-as-a-service" (Dkt. 36 at 10) that registered two trademarks on May 28, 2013 that are the subject of this litigation: Registration 4,341,811 for the term "NOW-CAST" and Registration 4,341,813 for the term "NOWCAST" (*id.* at 12).  The Reserve Banks have filed petitions for cancellation of these two trademarks with the Trademark Trial and Appeal Board.  (*See id.* at 25 ¶¶ 28–29).  The Third-Party Complaint includes two allegations that Reserve Banks have infringed EA's trademarks: (1) on April 12, 2016 FRB New York launched a "Nowcasting Report"; and (2) Third Party Defendants collectively use the terms "'nowcast' or 'now-cast' in connection with the offering of various services and/or products." (*Id.* at 24, 26 ¶¶ 23–24, 31.)

## III.    ARGUMENT

### A.  EA failed to properly join the Reserve Banks

As an initial matter, EA has failed to properly join any of the Reserve Banks.  EA styles

its complaint as a "Third-Party Complaint." (*E.g.*, *id.* at 21.)  Federal Rule of Civil Procedure 14 permits a defendant to implead a third-party defendant "who is or may be liable to it for all or part of the claim against it."  Fed R. Civ. P. 14.  It is well-settled that an impleader (or "third-party") action must be "dependent on" or "derivative of" the main claim. *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000).  "The traditional grounds for a third-party action are indemnification, contribution, or subrogation . . . liability of the third-party defendant must not arise out of a separate and independent claim, and the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citations omitted).

Here, EA's third-party complaint makes no claim for indemnification, contribution, or subrogation; indeed, EA does not allege that the banks bear any liability whatsoever to EA for NCEL's claims against it.  Nor could it, given the nature of relief NCEL seeks — declarations of non-infringement by NCEL and that EA's trademarks are invalid.  Instead, EA asserts new, independent causes of action:  separate purported acts of trademark infringement by the banks unrelated to any use of the disputed terms by NCEL, and a breach of contract claim premised on actions taken by two bank employees.  (Dkt. 36 at 27–30.)  *IntelliPayment, LLC v. Trimarco*, No 15-CV-01566 (JFB)(GRB), 2016 WL 1239261, at *3-4 (E.D.N.Y. Mar. 29, 2016) (describing requirements of third-party impleader claims and dismissing purported third-party claims where "the claims asserted by [defendant] against the third-party defendants [were] not derivative of, or dependent on, the plaintiff's complaint").

To the extent EA is alleging not a third-party impleader under Fed. R. Civ. P. 14 but instead that the Reserve Banks are required parties under Fed. R. Civ. P. 19 (*see* Dkt. 36 at 26–27 ¶¶ 37–39), those allegations similarly fail.  None of the banks is a required party to this

litigation.  EA bears the burden to establish that the Reserve Banks are required parties.  *See King v. Pine Plains Cent. Sch. Dist.*, 918 F. Supp. 772, 782 (S.D.N.Y. 1996).  Joinder is required under Rule 19 where "the court cannot accord complete relief among existing parties," Fed. R. Civ. P. 19(a)(1)(A), or the absent "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest," *id*. 19(a)(1)(B).  Neither circumstance applies here.

Nothing about NCEL's claims of non-infringement or the invalidity of EA's trademark registrations (Dkt. 1 ¶¶ 64–81; Dkt. 36 at 18–21) requires the Reserve Banks' presence to accord complete relief to NCEL and EA.  "[C]omplete relief" refers to "relief as between the persons already parties," not "a party and the . . . person whose joinder is sought."  *Arkwright-Boston Mfrs. Mut. Ins. v. New York*, 762 F.2d 205, 209 (2d Cir. 1985) (citations omitted); *see also Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("Rule 19(a)(1) is concerned only with those who are already parties."). For the same reasons that the Reserve Banks cannot be liable to EA for NCEL's purported infringement as third-party defendants, the banks' presence in this litigation is irrelevant to the court's ability to provide relief to NCEL and EA for their own respective conduct.

Further, even assuming, *arguendo*, that the Banks have "an interest relating to the subject of [this] action," Fed. R. Civ. P. 19(a)(1)(B), EA cannot assert that interest on behalf of the Banks.  *See Peregrine Myan. Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) ("[Defendant's] attempt to assert on behalf of the [absent party] its supposed concern . . . falls outside the language of the rule.'"); *see also Socci v. JP Morgan Chase & Co.*, No. 2:17-cv-5469 (DRH)(AYS), 2018 WL

4

4388454, at *4 (E.D.N.Y. Sept. 14, 2018) ("[T]he alleged wrongdoers are not claiming an

interest relating to the subject of the action under Rule 19(a)(1)(B), thus, the only question is

whether this Court can accord complete relief among the existing parties under Rule

19(a)(1)(A).").[3]

Accordingly, because EA has failed to properly implead any of the banks and none of the

banks are indispensable parties to this litigation, the TPC should be dismissed.

### B.      The Court lacks jurisdiction over 11 Reserve Banks

#### i.   This Court does not have general personal jurisdiction over the 11 non-New York banks

This Court does not have general personal jurisdiction over any bank except for FRB

New York.  "A court may assert general jurisdiction over foreign . . . corporations to hear any

and all claims against them when their affiliations with the State are so continuous and

systematic as to render them essentially at home in the forum State."  *See BNSF Ry. Co. v.

Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  "The paradigm forums in which a corporate defendant is

at home . . . are the corporation's place of incorporation and its principal place of business." *Id.*

In "exceptional cases . . . a corporate defendant's operations in another forum may be so

substantial and of such a nature as to render the corporation at home in that State," *id.*, but not

every act of doing business in a state, even regularly, will confer general personal jurisdiction, *id.*

---

[3] EA does not purport to join the Reserve Banks under Rule 20, which provides for permissive joinder of parties as either plaintiffs or defendants (not as third-party defendants).  *See* Fed. R. Civ. P. 20.  Any attempt to do so would be unavailing because EA does not seek to bring any third party into this litigation as either an involuntary plaintiff (sitting in the seat with NCEL) or as a co-defendant (sitting in the seat with EA). *Id.* (allowing joinder only where new parties assert along with the existing plaintiff or defendant "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"); *see also Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (joinder not appropriate where, as here, the "actions as charged were separate and unrelated").

(holding that a railroad company was not "at home" in Montana despite having over 2,000 miles of railroad track and 2,000 employees located in the state); *see also Daimler AG v. Bauman*, 571 U.S. 117, 138 n.18 (casting doubt on earlier decisions upholding general personal jurisdiction based merely upon a corporation, *e.g.*, "doing business" in a forum); *In re Del Valle Ruiz*, — F. Supp. 3d —, Nos. 18 Misc. 85 (ER), 18 Misc. 127 (ER), 2018 WL 5095672, *3–4 (S.D.N.Y. Oct. 19, 2018) (describing "[e]xamples of the strict limits of general personal jurisdiction following *Daimler*").

None of the Reserve Banks are incorporated in New York; none except for FRB New York has its principal place of business in New York (*see* Dkt. 36 at 21-22 and sources cited, *infra*); and this is not an "exceptional" case under Supreme Court and Second Circuit law.

As noted above, each Reserve Bank is separately chartered under federal law and is owned by commercial banks within its geographical district. 12 U.S.C. §§ 248(j), 341; *see Starr Int'l*, 742 F.3d at 40. The principal place of business for each of the Reserve Banks is located in the city identified in its name. *See The Fed – Federal Reserve Banks*, https://www.federalreserve.gov/aboutthefed/federal-reserve-system.htm (last visited Oct. 17, 2018). New York State falls entirely within FRB New York's district and none of the banks other than FRB New York has its principal place of business in the state. *Id.* Accordingly, the 11 non-resident banks are not subject to general personal jurisdiction in this Court. *BNSF*, 137 S. Ct. at 1558; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (describing corporate domicile). Indeed, this district has previously recognized that it lacks personal jurisdiction over Reserve Banks located outside New York. *See Northpark Nat. Bank v. Bankers Tr. Co.*, 572 F. Supp. 520, 522–23 (S.D.N.Y. 1983) (dismissing complaint against FRB Chicago on jurisdictional grounds).

6

**ii.   This Court also lacks specific personal jurisdiction over the 11 non-New York banks**

There is also no specific personal jurisdiction over the non-NY banks in this matter. "[C]ourts undertake a two-step analysis to ascertain specific personal jurisdiction: 'First, the court must decide if the defendant has purposely directed his activities at the forum and the litigation arises out of or relates to those activities.' 'Second, once the court has established these minimum contacts, it determines whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" *In re Del Valle Ruiz*, 2018 WL 5095672, at *6 (citations omitted) (quoting *Gucci Am.*, *Inc. v. Li*, 768 F.3d 122, 136 (2d Cir. 2014)).

Under New York's long-arm statute, "a court in New York may exercise personal jurisdiction over a non-domiciliary if (1) defendant transacts any business within the state; and (2) the cause of action arises from that business transaction." *Alibaba Grp. Holding v. Alibabacoin Found.*, No. 18-CV-2897(JPO), 2018 WL 2022626, at *4–8 (S.D.N.Y. Apr. 30, 2018) (citations omitted) (applying personal jurisdiction analysis in this Court); *see also* N.Y. C.P.L.R. § 302(a) (NY long-arm). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 421 (S.D.N.Y. 2009) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)); *see also Alibaba*, 2018 WL 2022626, at *4 ("Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York.").

The TPC does not allege any facts to support an exercise of specific personal jurisdiction. Indeed, the TPC fails to allege that any bank other than FRB New York has *ever* used the term

"nowcast" – much less does it allege where such use occurred, how that use purportedly infringed on EA's trademarks and how such use affected commerce in New York State. Under these facts, an exercise of personal jurisdiction would not comport with due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984); *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

### C. This venue is improper for the claims asserted against all 11 non-New York banks

The 11 non-resident Reserve Banks also object to venue. 28 U.S.C. § 1391(b) & (c); Fed. R. Civ. P. 12(b)(3). In a trademark infringement action, this District is considered an appropriate venue only if the alleged infringement occurred here. *See Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 182-83 (S.D.N.Y. 1995) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294-95 (3d Cir. 1994)); *Detroit Coffee Co., LLC v. Soup For You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *2-4 (S.D.N.Y. Feb. 18, 2018) (explaining that a "substantial part" of the events giving rise to a trademark infringement claim can be shown by either substantial sales of the infringing product in the district or intentional targeting of the infringing product in the district). As explained above, the TPC does not recite any facts demonstrating where the alleged acts or omissions giving rise to its claims against any of the 11 non-NY banks occurred (or even what those acts were). In other words, there is no plausible allegation of trademark infringement by these 11 banks in this venue. At most, the TPC parrots the language of the venue statute, claiming that "a substantial part of the events or omissions giving rise to the claims occurred in … this District." *Compare* Dkt. 36 at 24 ¶ 21, *with* 28 U.S.C. § 1391(b)(2). That conclusory statement is not enough. And EA's alternative claim that "a substantial part of the property interests that are the subject of the action is situated in[ ] this District," *id*., is

spurious given that there is no real property at issue in the case.[4]

> **D.      The TPC does not satisfy minimum notice pleading or state a claim on which relief can be granted for any of its five causes of action, all of which must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

Leaving aside the procedural and jurisdictional problems with the TPC, dismissal of all claims is also appropriate under Fed. R. Civ. P. 12(b)(6) because EA has failed to state a claim upon which relief may be granted under any of its causes of action.[5]

In order to satisfy minimum pleading standards required by Fed. R. Civ. P. 8, as elucidated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), a complaint must include enough facts, when accepted as true, "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While detailed factual allegations are not necessary, "a complaint must still set forth sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Car-Freshner Corp. v. D & J Distribg. & Mfg., Inc.*, No. 14-CV-391 PKC, 2014 WL 3900564, at *2 (S.D.N.Y. Aug. 8, 2014) (citing *Kittat v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).  Legal conclusions are not enough, and the Court need not accept such conclusions as true.  *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017); *Gym Door Repairs, Inc. v. Young Equip. Sales,*

---

[4] EA also states that venue in this District is proper under 28 U.S.C. § 1391(e) (Dkt. 36 at 24 ¶ 21), but that code section only applies to defendant officers or employees of the United States or a U.S. agency. EA opted to let the date by which it must serve the Board of Governors of the Federal Reserve System (i.e., the only relevant entity) with process to pass without doing so, mooting this venue inquiry.

[5] As noted above, the undersigned counsel does not represent the Board of Governors.  Because no different or more detailed factual allegations are made with regard to the Board of Governors, however, the claims as to the Board of Governors are equally flawed.  The Board of Governors therefore also could be dropped as a party by the Court. Fed. R. Civ. P. 21.

*Inc.*, 206 F. Supp. 3d 869, 886 (S.D.N.Y. 2016). Neither are mere recitations of the elements of a claim supported by conclusory statements sufficient. *Iqbal*, 556 U.S. at 678.

### i. First Through Third Third-Party Causes of Action: the Trademark Claims

The first three causes of action in the TPC (herein, the "Trademark Claims") are based on Economic Alchemy's two Federal Registrations. These three claims all require pleading of facts that, if true, are sufficient to show, *inter alia*, (i) there is a likelihood of confusion over the source (or endorsement) of the services offered by each of the TPDs and (ii) the purportedly infringing uses of EA's marks were uses "in commerce." The TPC wholly fails in this regard, and as a result, all three Trademark Claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The First cause of action is for infringement of "Economic Alchemy's trademarks"[6] under Lanham Act § 32(1), 15 U.S.C. § 1114(1)(a).  (Dkt. 36 at 27-28.)  Section 1114(1)(a) prohibits "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." To win on such a claim, the plaintiff must prove: "(1) that the plaintiff holds a valid mark entitled to protection; (2) that the defendant used the mark; (3) in commerce; (4) in connection with the sale or advertising of goods or services; (5) without plaintiff's consent; and (6) that the defendant's use of a similar mark is likely to cause confusion." *Gym Door Repairs*, 206 F. Supp. 3d at 900 (internal quotations & citations omitted). The Third COA is for "false designation of origin" under Lanham Act § 43(a), 15 U.S.C. § 1125(a), which requires proof of these same elements. *See ESPN, Inc. v. Quiksilver, Inc.*, 586 F.

---

[6] This phrase is not defined in the TPC, but the banks understand it to refer to the two Federal Registrations identified in the TPC.

Supp. 2d 219, 225 (S.D.N.Y. 2008); (Dkt. 36 at 29). Finally, the Second COA is for "common law trademark infringement / unfair competition." (Dkt. 36 at 28-29.) Though it is not specified, the banks understand this claim to be brought under New York law. This state law COA likewise requires proof of the above six elements in addition to a further showing of bad faith. *See ESPN*, 586 F. Supp. 2d at 230 (same elements as Lanham Act claims); *Chanel, Inc. v. WGACA, LLC*, No. 18 CIV. 2253 (LLS), 2018 WL 4440507, at *4 (S.D.N.Y. Sept. 14, 2018) (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997)) (same); *see also Savin Corp. v. Savin Grp.*, No. 02 CIV.9377 SAS, 2003 WL 22451731, at *16 (S.D.N.Y. Oct. 24, 2003) (describing bad faith).

Thus, EA must at least allege facts sufficient to establish the existence of each of the aforementioned elements with respect to each of the third-party defendants. Even giving EA every benefit of the doubt, the TPC is simply devoid of sufficient factual assertions to make it plausible that any banks' "service or product" would be confused with a service offered by EA.

The TPC makes only the most conclusory allegations regarding the banks' purported uses of the term "nowcast." The TPC asserts that the Reserve Bank parties have "offered" "various services and products" "under the name NOWCAST" (*e.g.*, Dkt. 36 at 24 ¶¶ 23, 31) without identifying any specific bank's service or product, save one. The only purported use of the term "nowcast" by any of the Reserve Banks that is identified with any greater specificity than these "various services and products" is on page 24 in ¶ 24. There, EA alleges that FRB New York "launched the Federal Reserve Bank of New York's infringing 'Nowcasting Report'" on April 12, 2016. That's it. No further allegations are made regarding this "Nowcasting Report"—not the nature or content of this report, not if and how it was used in commerce, and not to whom it was directed or distributed. Indeed, the TPC contains no facts to support its allegation that FRB

11

New York's "Nowcasting Report" violates EA's purported rights beyond EA's bare conclusory assertions. These are insufficient. *Gym Door Repairs*, 206 F. Supp. 3d at 886.  The mere assertion that FRB New York's "Nowcasting Report" constitutes trademark infringement, "without any factual allegations concerning the nature of the threatened use, does not give [FRB New York] fair notice of the claims against [it] and does not show, by facts alleged, that [EA] is entitled to relief." *Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) (affirming motion to dismiss where trademark claim not supported by factual allegations showing nature of the alleged infringing use**)**.

None of the other banks are given even the most basic notice about what it is they have purportedly done that allegedly infringes upon EA's rights.  No other alleged uses of the registered marks by any of the other Reserve Banks are set forth or characterized at all.

As a result, EA's allegations likewise fail to satisfy its "threshold burden" to demonstrate that the "various services and products" referenced in the complaint were used "in commerce," in connection with the sale or advertising of goods or services, and in a manner likely to cause consumer confusion.  *Gym Door Repairs,* 206 F. Supp. 3d at 900 (describing burden); *see also Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400, 416 (S.D.N.Y. 2018) (granting defendant's motion to dismiss for false designation and unfair competition under the Lanham Act "because defendant's alleged use of plaintiff's mark was not 'in commerce' under 15 U.S.C. § 1127"); *Sussman-Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258, 268-9 (E.D.N.Y 2014) (granting motion to dismiss trademark infringement claims due to failure to adequately plead consumer confusion).

Because EA's allegations fall far short of the factual allegations necessary to demonstrate the required elements of its Trademark Claims, each of these claims should be dismissed.  *See*

*Dow Jones & Co*., 451 F.3d at 307; *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d

236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." (internal quotation marks omitted)).

The banks therefore respectfully request that this Court dismiss all the claims against

them pursuant to the First through Third COAs in the TPC.

### ii.   Fourth Third-Party Cause of Action: New York Deceptive Business Practices, N.Y. Gen. Bus. L. § 349

The fourth cause of action in the TPC (herein, the "NY Deceptive Practices Claims") is

also based on Economic Alchemy's two Federal Registrations and the same allegations made in

the Trademark Claims. The NY Deceptive Practices Claims fail for the same reasons the

Trademark Claims fail but also for the additional reason that such N.Y. Gen. Bus. L. § 349

claims require more than what suffices to establish liability pursuant to the Trademark Claim,

and EA alleges nothing more which would establish the existence of these additional required

elements.

Section 349 of the New York General Business Law proscribes "[d]eceptive acts and

practices in the conduct of any business, trade or commerce or in the furnishing of any service"

in New York. "A party challenging an act or practice under § 349 must show that: (1) defendant

engaged in a consumer-oriented act, (2) that the consumer-oriented act was misleading in a

material way, and (3) that plaintiff consequently suffered injury." *GTFM, Inc. v. Solid Clothing,*

*Inc.*, 215 F. Supp. 2d 273, 301–02 (S.D.N.Y. 2002). Section 349 of the New York Deceptive

Business Practices Act is reserved for redress of actions that are "over and above ordinary

trademark infringement." *Coach, Inc. v. Horizon Trading USA Inc*., 908 F. Supp. 2d 426, 435–36

(S.D.N.Y. 2012); *see also U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 176

(S.D.N.Y. 2001) ("trademark or trade dress infringement claims . . . fall outside the original

intent of §§ 349 and 350").  It is "well-established" that allegations of "general consumer

confusion" such as those that underlie the Trademark Claims do not form the basis for a claim

under Section 349. *Luv N' Care, Ltd. v. Walgreen Co*., 695 F. Supp. 2d 125, 135 (S.D.N.Y.

2010).  Yet the TPC alleges for the NY Deceptive Practices Claims nothing more than that the

third-parties are liable under the first three causes of action (i.e., the Trademark Claims).

     The NY Deceptive Practices Claims ("Fourth COA") consists of three paragraphs.

(Dkt. 36 at 29–30.) The first of these alleges that the TPDs' uses of the Federal Registrations (1)

"constitute trademark infringement" (i.e., First COA, Lanham Act § 32(1)); (2) "constitute . . .

false designation of origin" (i.e., Third COA, Lanham Act § 43(1)); and (3) "constitute . . . unfair

competition" (i.e., Second COA, common law unfair competition), and that these violations of

other laws are "in violation of N.Y. Gen. Bus. L. § 349." (*Id.* at 29 ¶ 55.) The only other

assertions in support of the NY Deceptive Practices Claims are the conclusory statements that the

accused actions "have caused and will continue to cause irreparable damage and injury to

Economic Alchemy" and "[EA] has no adequate remedy at law for this injury." (*Id.* at 30 ¶¶ 56–

57.) On its face, therefore, the NY Deceptive Practices Claims fail to offer anything more than

conclusory statements that illegal acts have occurred. At the absolute most, the TPC parrots the

correct legal standard in ¶ 44 of its First COA (re Lanham Act § 32(1)), claiming that the

accused "conduct has caused and is likely to continue causing substantial injury to the public."

(Dkt. 36 at 28.) But none of those conclusory statements satisfy the pleading requirements to

allege an injury to the public that is over and above the harm of the alleged likelihood of

confusion.  *See Davis v Avvo, Inc.*, No. 18-CV-2835 (JGK), 2018 WL 6629269, at *5-6

(S.D.N.Y. Dec. 19, 2018) (stating that to adequately plead § 349 injury, "plaintiff must offer

facts that demonstrate a causal connection between an injury to the plaintiff and some

misrepresentation made by the defendant;" holding that conclusory, unsupported allegations of loss of fees, "reputational damage," diversion of potential clients, and raw estimates of monetary loss due to loss of business were insufficient; and granting motion to dismiss for failure to state a claim); *Coach*, 908 F. Supp. 2d at 435–36 (finding an allegation that an unauthorized use of a mark is "misleading the public in material respects" is insufficient because "[t]his alleged injury—confusion and deception of the consuming public— . . . is not distinct from the very harm that trademark laws generally seek to redress and thus is not 'over and above ordinary trademark infringement'").

Accordingly, the claims against the TPDs for violation of N.Y. Gen. Bus. L. § 349 also must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### iii.   Fifth Third-Party Cause of Action: Breach of Contract

EA's breach of contract claim against FRB Boston and FRB New York fares no better. (Dkt. 36 at 25 ¶¶ 25–26, 58–61.)  EA alleges that an employee at FRB Boston "registered for Economic Alchemy's NOW-CAST Service" and an employee at FRB New York "signed up for" this service and each "thereby agree[d] to the terms and conditions of such service." (*Id.* at 25 ¶¶ 25–26.)  EA then later makes a single conclusory allegation that these banks "breached" their "contracts." (*Id.* at 30 ¶ 60.)  These assertions fall woefully short of meeting the pleading requirements for breach of contract claims.

To state a claim for breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Hudson & Broad, Inc. v. J.C. Penney Corp.*, 553 F. App'x 37, 38 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Harsco*

*Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996)).[7] A plaintiff must support those allegations with specific facts establishing the existence of a valid agreement and a breach of the agreement. *Eaves v. Designs for Fin., Inc.,* 785 F. Supp. 2d 229, 259 (S.D.N.Y. 2011) (dismissing a breach of contract claim under 12(b)(6) for failing to state specific terms of the contract that were breached and how they were breached); *see also Owens v. Gaffken & Barriger Fund, LLC*, No. 08–8414, 2009 WL 3073338, at *14 (S.D.N.Y. Sept. 21, 2009) (dismissing a breach of contract claim under 12(b)(6) when the allegation "fail [ed] to cite to any specific contractual provisions alleged to have been breached"); *Levy v. Bessemer Tr. Co.*, 97 CIV. 1785 (JFK), 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997) ("For a breach of contract claim, Plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue.").

EA fails to allege anything about the terms of the purported contracts; it does not specify any consideration supporting contract formation; and does not allege what duties or obligations were established by the alleged contract and how those duties or obligations were breached.  (*See generally* Dkt. 36.) Therefore, EA's failure to specify or identify anything about the terms or performance of the alleged contract at issue warrants dismissal of its breach of contract claims.

## IV.    CONCLUSION

For the foregoing reasons, the court should dismiss all claims with prejudice.

Dated: December 21, 2018                    MEUNIER CARLIN AND CURFMAN, LLC

                                            /s/ *Mary Katherine Bates*
                                            Mary Katherine Bates (*pro hac vice*)
                                            Georgia Bar No. 384052

---

[7] The TPC does not identify what law purportedly governs interpretation of the alleged contracts. For purposes of this motion, the law of New York is referenced. Given the TPC's complete failure to identify any allegedly breaching act or omission, it fails under any theory of contract.

Lisa C. Pavento (*pro hac vice*)
Georgia Bar No. 246698
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Tel:  (404) 645-7700 / Fax: (404) 645-7707
Email: kbates@mcciplaw.com
Email: lpavento@mcciplaw.com

*Counsel for Federal Reserve Bank of Atlanta,*
*Federal Reserve Bank of Boston, Federal Reserve*
*Bank of Chicago, Federal Reserve Bank of*
*Cleveland, Federal Reserve Bank of Dallas,*
*Federal Reserve Bank of Kansas City, Federal*
*Reserve Bank of Minneapolis, Federal Reserve*
*Bank of New York, Federal Reserve Bank of*
*Philadelphia, Federal Reserve Bank of Richmond,*
*Federal Reserve Bank of St. Louis, and Federal*
*Reserve Bank of San Francisco*