**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NOW-CASTING ECONOMICS, LTD.,

   *Plaintiff*,

   -*v.*-

ECONOMIC ALCHEMY LLC,

   *Defendant*.

No. 18-cv-02442 (ER)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ...................................................................................................................... i

**TABLE OF AUTHORITIES** ............................................................................................................... ii

**I.    PRELIMINARY STATEMENT** ................................................................................... 1

**II.   ARGUMENT** ................................................................................................................... 2

    **A.   The Court Should Dismiss the Claims Asserted Against All 11 Non-New York Reserve Banks Under Fed. R. Civ. P. 12(b)(3) Because Venue Is Improper, and EA Makes No Argument to the Contrary.** ................................................................................................................................. 2

    **B.   The Court Lacks Personal Jurisdiction Over the 11 Non-New York Reserve Banks.** .............. 3

        *i.   EA Does Not (and Cannot) Establish That This Court Has General Personal Jurisdiction Over the 11 Non-New York Reserve Banks.* ............................................................................... 3

        *ii.  EA Likewise Fails To Establish Specific Personal Jurisdiction Over the 11 Non-New York Reserve Banks.* ................................................................................................................... 4

    **C.   None of the Reserve Banks Is a Proper Party In This Case; The "Third-Party Complaint" Should Be Dismissed In Its Entirety.** ............................................................................................ 6

    **D.   The TPC Fails to State a Claim Upon Which Relief Can Be Granted As to Any Reserve Bank and Should Be Dismissed in Its Entirety Pursuant to Fed. R. Civ. P. 12(b)(6).** ........................ 8

**III.  CONCLUSION** .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Alibaba Grp. Holding v. Alibabacoin Found.*, No. 18-cv-2897(JPO), 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018). .................................................................................................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ............................................................................ 9

*BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017)............................................................................. 4

*Daimler AG v. Bauman*, 571 U.S. 117 (2014). ................................................................................ 3

*DeLorenzo v. Viceroy Hotel Grp.*, — Fed. App'x — , No. 17-3470, 2018 WL 6131489 (2d Cir. Nov. 21, 2018) ................................................................................................3-4

*Div. 1181 Amalgamated Transit Union - N.Y. Emples. Pension Fund v. R & C Transit, Inc.*, No. 2:16-cv-02481(ADS)(ARL), 2018 WL 794572 (E.D.N.Y. Feb. 7, 2018) .................... 3

*Doubleline Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393 (S.D.N.Y. 2018).............. 1, 3

*Galderma S.A. v. Peri*, No. 15-cv-667(VSB), 2016 U.S. Dist. LEXIS 61203 (S.D.N.Y. Mar. 30, 2016). ....................................................................................................................... 5

*Greenwich Life Settlements, Inc. v. Viasource Funding Grp., LLC*, 742 F. Supp. 2d 44 (S.D.N.Y. 2010). ....................................................................................................................... 7

*Irvins v. Metro. Museum of Art*, No. 15-cv-5180(RJS), 2016 WL 4508364 (S.D.N.Y. Aug. 26, 2016). ....................................................................................................................... 10

*Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434 (S.D.N.Y. 2004) ................................................. 3

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377 (2d Cir. 2006). ............................... 7

*Neilmed Prod., Inc. v. Med-Sys, Inc.*, 472 F. Supp. 2d 1178 (N.D. Cal. 2000) ............................. 6

*Oreck Corp. v. National Super Service Co.*, No. 95-cv-3738, 1996 WL 371929 (E.D. La. July 2, 1996). .......................................................................................................................... 8

*Peregrine Myan. Ltd. v. Segal*, 89 F.3d 41 (2d Cir. 1996). ............................................................ 8

*Perry v. Mary Ann Liebert, Inc.*, No. 17-cv-5600(CS), 2018 WL 2561029 (S.D.N.Y. June 4, 2018). ......................................................................................................................... 10

*Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274 (2d Cir. 2006). .......................................... 10

*San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 344 F. Supp. 3d 1147 (S.D. Cal. 2018) .................................................................................................................... 9

*Socci v. JP Morgan Chase & Co.*, No. 2:17-cv-5469(DRH)(AYS), 2018 WL 4388454 (E.D.N.Y. Sept. 14, 2018) ...................................................................................................... 8

*SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) ............................................................ 4

*Thousand Island Park Corp. v. Welser*, 314 F. Supp. 3d 391 (N.D.N.Y. 2018) ....................... 10

*Walden v. Fiore*, 134 S. Ct. 1115 (2014) ...................................................................................... 6

*Whole E. Nature, LLC v. Wonderful Co.*, No. 17CV10-LAB(KSC), 2017 WL 4227150 (S.D. Cal. Sept. 22, 2017) .......................................................................................................... 7

*Younique, L.L.C. v. Youssef*, No. 2:15-cv-00783(JNP)(DBP), 2016 WL 6998659 (D. Utah Nov. 30, 2016) .............................................................................................................. 5

*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F. Supp. 3d 634 (S.D.N.Y. 2017) ............................................................................................................................................ 7

**STATUTES**

N.Y. GBL § 349 ........................................................................................................................ 2, 9-10

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................................... 9

Fed. R. Civ. P. 12 ...................................................................................................................... 1-2, 8

Fed. R. Civ. P. 13 ............................................................................................................................. 8

Fed. R. Civ. P. 14 .......................................................................................................................... 6-7

Fed. R. Civ. P. 19 ...................................................................................................................... 1, 6-8

The twelve Federal Reserve Banks ("Reserve Banks"), as third-party defendants, respectfully submit this reply memorandum of law in further support of their motion to dismiss third-party plaintiff Economic Alchemy LLC's ("EA") Third-Party Complaint ("TPC").

## I. PRELIMINARY STATEMENT

EA's opposition brief ("Opposition") (Dkt. 75) does not counter any of the deficiencies in its TPC identified by the Reserve Banks in their Motion to Dismiss ("Motion") (Dkts. 66–67).

First, as to the 11 Reserve Banks located outside of New York,[1] EA effectively concedes, by not responding to the Reserve Banks' venue challenge, that the Court should dismiss the TPC against these banks under Fed. R. Civ. P. 12(b)(3). *See, e.g.*, *Doubleline Capital LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018). EA also does not put forth any basis upon which this Court could assert personal jurisdiction over these 11 Reserve Banks. EA takes the unfounded position that the Reserve Banks' TTAB petitions confer personal jurisdiction in any lawsuit related to the challenged marks wherever it happens to be filed. (*See* Opp. at 5–6.) EA offers no support for its theory, and other courts have expressly ruled to the contrary.

Second, EA's TPC is patently improper as to all 12 Reserve Banks under any federal rule. EA does not even attempt to argue the essential element of any third-party claim: that the Reserve Banks are liable in some way for the claims asserted by plaintiff Now-Casting Economics, Ltd. ("NCEL") against EA. To the extent EA relies on Rule 19 to join the Reserve Banks to this lawsuit, it fails to explain why the Court cannot afford complete relief between NCEL and EA without the Reserve Banks and ignores that it cannot assert any interest in the underlying litigation on the Reserve Banks' behalf. (*See* Mot. at 4–5.)

Finally, leaving aside the TPC's procedural and jurisdictional defects, EA essentially

---

[1] FRB Atlanta, FRB Boston, FRB Chicago, FRB Cleveland, FRB Dallas, FRB Kansas City, FRB Minneapolis, FRB Philadelphia, FRB Richmond, FRB San Francisco, and FRB St. Louis.

admits that the TPC fails to state a claim against all 12 Reserve Banks under Fed. R. Civ. P. 12(b)(6). EA concedes that its breach of contract claims against FRB Boston and FRB New York are insufficiently pled. (Opp. at 9.) As to the rest of its claims for trademark infringement and violation of the N.Y. General Business Law ("N.Y. GBL"), EA urges the Court to "keep[ ] in mind" the "usual practice to allow leave to re-plead" (Opp. at 8 (internal quotation marks and citation omitted)). EA's failure to identify a single new fact or allegation it would include in an amended pleading to overcome its deficiencies under Fed. R. Civ. P. 12(b)(6), however, provides no basis for the Court to grant leave to amend. And, in any event, a grant of leave to re-plead would be futile as to the 11 Reserve Banks located outside of New York, given EA's concession that venue is improper and that the Court lacks jurisdiction over these Reserve Banks.[2]

The Court should dismiss the TPC in its entirety with prejudice.

## II.     ARGUMENT

### A. The Court Should Dismiss the Claims Asserted Against All 11 Non-New York Reserve Banks Under Fed. R. Civ. P. 12(b)(3) Because Venue Is Improper, and EA Makes No Argument to the Contrary.

As explained in the Reserve Banks' moving brief, the TPC is devoid of any allegations demonstrating the alleged acts or omissions underlying EA's claims against the 11 Reserve Banks located outside of New York occurred within the Southern District of New York. (*See* Mot. at 8.) EA failed to address this argument in its Opposition. As a result, it has effectively abandoned its allegation that venue is proper as to these 11 Reserve Banks. The Court therefore should dismiss the TPC against these Reserve Banks. *See* Fed. R. Civ. P. 12(b)(3); *Doubleline Capital*, 323 F. Supp. 3d at 449 (dismissing claims as abandoned where plaintiff failed to address defendant's arguments in its opposition brief); *Div. 1181 Amalgamated Transit Union - N.Y.*

---

[2] Amendment of EA's complaint against the Reserve Banks would also be futile if the Court grants NCEL's motion seeking to invalidate EA's registered trademarks.

*Emples. Pension Fund v. R & C Transit, Inc.*, No. 2:16-cv-02481(ADS)(ARL), 2018 WL 794572, at *4 (E.D.N.Y. Feb. 7, 2018) (same); *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

### B. The Court Lacks Personal Jurisdiction Over the 11 Non-New York Reserve Banks.

EA asserts this Court may exercise personal jurisdiction over the 11 Reserve Banks whose places of incorporation and principal places of business are outside New York based on the fact that the Reserve Banks' cooperation in providing certain services confers general personal jurisdiction or, in the alternative, the Reserve Banks' petitions before the TTAB opposing EA's trademark registrations suffice for specific personal jurisdiction. Neither argument is availing.

    *i.*   *EA Does Not (and Cannot) Establish That This Court Has General Personal Jurisdiction Over the 11 Non-New York Reserve Banks.*

"Aside from 'an exceptional case,' a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *DeLorenzo v. Viceroy Hotel Grp.*, — Fed. App'x — , No. 17-3470, 2018 WL 6131489, at *2 (2d Cir. Nov. 21, 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). EA does not dispute — nor could it — that none of the Reserve Banks are incorporated in New York and none except FRB New York has its principal place of business in New York. (*See* Opp. at 6–8.) Instead, EA alleges only that Reserve Banks "coordinate their activities" in providing certain financial services to depository institutions — services wholly unrelated to the trademark registrations here at issue — and have "entered into intra-System service agreements" in connection with those services. (*Id.*)

These allegations are inadequate to establish general jurisdiction. EA's position — that

3

because Reserve Banks (each an independently chartered corporate instrumentality owned by member banks in its district) engage in some cooperation, every Reserve Bank is therefore subject to general jurisdiction in New York for all purposes — is contrary to clear Second Circuit precedent. The bar for establishing an "exceptional" case and exercising general personal jurisdiction over a foreign corporation is high, including at the pleading stage. EA has not cited a single case, and the Reserve Banks have not found one, where a district court within the Second Circuit exercised general personal jurisdiction over a foreign, non-domiciliary corporation after the Supreme Court's opinion in *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). The Second Circuit has held that "exceptional" circumstances do not exist even where the defendant "continuously maintained a physical presence in [the State] for over 30 years, ran operations out of as many as four leased locations in the State, employed up to 70 workers there, and derived about $160 million in revenue from its [State]-based work during the relevant timeframe." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 343–44 (2d Cir. 2018); *see also DeLorenzo*, 2018 WL 6131489, at *2 (affirming no general personal jurisdiction where "(1) 13 percent of the [defendants'] business comes from New York, (2) [defendants] employ a PR firm in New York, and (3) [defendants'] former director of sales and marketing ... is purportedly a New York resident who worked from a home office or otherwise made trips to New York to promote [defendants' business].").

EA's conclusory allegations regarding business relationships between Reserve Banks fall far short of establishing an "exceptional case" sufficient to exercise general personal jurisdiction over a non-domiciliary corporation.

    ii.    *EA Likewise Fails To Establish Specific Personal Jurisdiction Over the 11 Non-New York Reserve Banks.*

EA's assertion that the Reserve Banks' joint filings in the TTAB support specific

personal jurisdiction likewise fails. A court in New York may exercise specific personal jurisdiction over a non-domiciliary corporation if "(1) defendant transacts any business within the state; and (2) the cause of action arises from that business transaction." *Alibaba Grp. Holding v. Alibabacoin Found.*, No. 18-cv-2897(JPO), 2018 WL 2022626, at *3 (S.D.N.Y. Apr. 30, 2018) (internal quotation marks omitted). EA does not attempt to show that the TPC meets this standard or even allege that any of the 11 Reserve Banks located outside of New York used the term "nowcast" in connection with activities in New York. Instead, EA argues that the Court may exercise specific personal jurisdiction over the 11 non-resident banks solely because they have filed petitions with the TTAB concerning EA's trademark registrations. (Opp. at 5–6.)

EA lacks authority for its striking proposition that filing a petition with the TTAB suffices to confer personal jurisdiction. This is plainly incorrect, as shown by the numerous cases in which courts have dismissed claims of trademark infringement due to lack of personal jurisdiction over the defendant, notwithstanding that the defendant had filed with the TTAB an opposition to the plaintiff's application for registration of the subject trademark or a petition for cancellation of the plaintiff's registered trademark. *See, e.g.*, *Galderma S.A. v. Peri*, No. 15-cv-667(VSB), 2016 U.S. Dist. LEXIS 61203, at *18 (S.D.N.Y. Mar. 30, 2016); *Younique, L.L.C. v. Youssef*, No. 2:15-cv-00783(JNP)(DBP), 2016 WL 6998659, at *8–9 (D. Utah Nov. 30, 2016) ("To hold that a [cancellation] petition filed in Washington, D.C. grounds personal jurisdiction over [the filer] in this forum simply because [the plaintiff trademark registrant] is based here would 'impermissibly allow[ ] a plaintiff's contacts with the defendant and the forum to drive the jurisdictional analysis.' [*Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014)]" (alteration original)).[3]

---

[3] The Opposition devotes several pages to arguing that the Court has subject matter jurisdiction to hear EA's claims. (Opp. at 3–5.) The Reserve Banks have not raised the issue of subject matter jurisdiction and will not respond to this part of the Opposition except to point out that,

5

EA does not address at all the minimum contacts required by a defendant for this Court to exercise specific personal jurisdiction (*see generally* Opp. at 5-7), and, as is described further in the Reserve Banks' opening brief, there are no allegations in the TPC asserting that any of the 11 non-New York banks have ever even used the term "nowcast," let alone how such use may have occurred in New York or affected commerce in New York (Mot. at 7-8). In the absence of such contacts, this Court does not have specific personal jurisdiction over these banks, and they all must be dismissed.

### C. None of the Reserve Banks Is a Proper Party In This Case; The "Third-Party Complaint" Should Be Dismissed In Its Entirety.

Even if venue was proper and this Court could assert personal jurisdiction over all of the Reserve Banks, EA's TPC must be dismissed in its entirety because it is patently improper under either Fed. R. Civ. P. 14 or 19.

Rule 14 governs third-party practice and requires that "a nonparty ... is or may be liable to" a defending party for all or part of the claims asserted against it by the plaintiff in an action. Fed. R. Civ. P. 14(a)(1). EA does not even attempt to argue that the TPC alleges liability by the Reserve Banks for the claims asserted against EA by the plaintiff in this action, NCEL. Instead, EA appears to assert that because it conceivably could bring its trademark infringement claims in a separate action, the Court may "skip[] [a] step" and join the Reserve Banks into this litigation even though Rule 14 does not apply. (Opp. at 2.)

EA again provides no support for its argument that the Court should disregard the requirements of Rule 14. The only case related to Rule 14 that EA does cite, *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F. Supp. 3d 634 (S.D.N.Y. 2017), makes clear that EA

---

contrary to EA's assertion (*see id.* at 3), *Neilmed Prod., Inc. v. Med-Sys, Inc.*, 472 F. Supp. 2d 1178 (N.D. Cal. 2000), did not address the issue of personal jurisdiction at all.

6

cannot disregard the Federal Rules in this way. *Zohar* states that "a third party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim" and notes "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 286 F. Supp. 3d at 656 (internal quotation marks omitted). Far from supporting EA's proposition that related facts alone are sufficient to bring in third-party claims under Rule 14, the court in *Zohar* ordered the defendant to explain why its claims qualified for Rule 14 impleader when the third-party complaint made the same "type of allegations that [the defendant] could have asserted in an independent action" and therefore "appear[ed] to contravene the rule that a third-party complaint cannot be used to bring in other matters that may have some relationship to the case." *Id.* at 657 (internal quotation marks omitted). For these same reasons, EA's TPC here is improper.[4]

       To the extent that EA relies on Rule 19 to save its third-party pleading, EA's assertion that the Reserve Banks are "required parties" pursuant to Rule 19 fares no better. Fed. R. Civ. P. 19(a)(1)(A) requires joinder only after EA shows that complete relief among the *already existing* parties cannot be accorded absent the Reserve Banks. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006); *Greenwich Life Settlements, Inc. v. Viasource Funding Grp., LLC*, 742 F. Supp. 2d 446, 456 (S.D.N.Y. 2010). EA utterly fails to meet this burden: the Opposition does not address at all how NCEL seeking declarations of non-infringement related to its *own* use of the terms NOWCAST and/or NOW-CAST and of the invalidity of EA's trademark registrations requires the Reserve Banks' presence to accord complete relief <u>as between EA and NCEL</u>.

---

[4] *Whole E. Nature, LLC v. Wonderful Co.*, No. 17CV10-LAB(KSC), 2017 WL 4227150 (S.D. Cal. Sept. 22, 2017) (*see* Opp. at 2) likewise is inapposite. EA has not brought, and cannot bring, a declaratory judgment action, and the court in *Whole E. Nature* did not address questions of impleader or joinder.

7

With regard to Fed. R. Civ. P. 19(a)(1)(B), EA cites only *Oreck Corp. v. National Super Service Co.*, No. 95-cv-3738, 1996 WL 371929 (E.D. La. July 2, 1996), which is inapposite. (*See* Opp. at 3.) In *Oreck*, the required party, Karcher, asserted an interest under Fed. R. Civ. P. 19(a)(1)(B) and brought suit as a counterclaim plaintiff against the plaintiff (counterclaim defendant), Oreck Corp., under Rule 13(h). 1996 WL 371929, at *1. The Reserve Banks here have not asserted any interest in the underlying action between NCEL and EA, much less a claim against NCEL. In addition, EA simply ignores that it may not assert any purported interests of the Reserve Banks on their behalf. *See Peregrine Myan. Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Socci v. JP Morgan Chase & Co.*, No. 2:17-cv-5469(DRH)(AYS), 2018 WL 4388454, at *4 (E.D.N.Y. Sept. 14, 2018).

Finally, EA's failure to contest the propriety of venue (*see supra*) defeats its Rule 19 joinder argument as to the 11 non-New York Reserve Banks. Fed. R. Civ. P. 19(a)(3) (where "a joined party objects to venue and joinder would make venue improper, the court must dismiss that party").

Because EA's claims against the Reserve Banks do not qualify for Rule 14 impleader and no Reserve Bank is a "required party" under Rule 19, the Reserve Banks respectfully ask the Court to dismiss the TPC in its entirety.

**D. The TPC Fails to State a Claim Upon Which Relief Can Be Granted As to Any Reserve Bank and Should Be Dismissed in Its Entirety Pursuant to Fed. R. Civ. P. 12(b)(6).**

First, EA admits its breach of contract claims against FRB New York and FRB Boston are insufficiently pled. (Opp. at 9.) Next, in defending the sufficiency of its claims for trademark infringement and violation of N.Y. GBL § 349, EA continues to rely primarily upon the mere fact that the Reserve Banks filed TTAB petitions. (*Id.* at 8.) EA also cites its allegation that EA

8

sent "several of the Fed Banks" cease-and-desist letters alleging infringement based on unspecified use by those Reserve Banks of EA's trademarks. (*Id.*) Such conclusory references to documents outside of the four corners of EA's TPC fail to "show" an entitlement to relief as required by Fed. R. Civ. P. 8, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), and these factual allegations are therefore insufficient to sustain a complaint—as EA well recognizes in seeking leave to replead (*see* Opp. at 8).

EA's position appears to be that because the Reserve Banks challenged EA's trademark registrations on grounds they are generic and descriptive, EA has cognizable federal and state law causes of action against the Reserve Banks that automatically survive a Rule 12(b)(6) motion regardless of how conclusory or deficient its federal court complaint may be. That is simply not true, as evidenced by cases where a court has granted, in full or in part, a motion to dismiss trademark claims notwithstanding that the moving party had previously filed a petition for cancellation of the non-movant's trademark(s) with the TTAB. *See, e.g.*, *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 344 F. Supp. 3d 1147, 1162-65 (S.D. Cal. 2018) (dismissing Lanham Act claim where defendant had filed cancellation).

Likewise, EA's allegation that it sent cease-and-desist letters to certain of the Reserve Banks does not automatically establish that the TPC adequately pleads a cause of action for trademark infringement under federal and/or state law against any one Reserve Bank, let alone all twelve. Courts have dismissed trademark infringement claims at the pleading stage notwithstanding that plaintiff once sent a cease-and-desist letter to defendant; indeed, such courts have not even considered the sending of a cease-and-desist letter to be relevant in determining whether plaintiff plead a cause of action. *See, e.g.*, *Thousand Island Park Corp. v. Welser*, 314 F. Supp. 3d 391, 396–400 (N.D.N.Y. 2018); *Perry v. Mary Ann Liebert, Inc.*, No. 17-cv-5600(CS),

9

2018 WL 2561029, at *2, *9 (S.D.N.Y. June 4, 2018).

EA's request to amend its claims, urging the Court to "keep[] in mind that where a pleading is dismissed for failing to state a claim upon which relief can be granted, it is the usual practice to allow leave to re-plead" (Opp. at 8) is unjustified. EA has not provided the Court with any indication that a revised pleading could overcome its failure to state claims upon which relief could be granted. EA has neither provided a proposed amended pleading nor identified a single additional fact or allegation that it would include in an amended pleading that would cure its failure to plead even basic facts required to establish the elements of any trademark infringement, violation of N.Y. GBL § 349, or breach of contract. Accordingly, the Court is entirely within its discretion to dismiss with prejudice and not allow repleading. *Irvins v. Metro. Museum of Art*, No. 15-cv-5180(RJS), 2016 WL 4508364, at *5 (S.D.N.Y. Aug. 26, 2016) ("[O]n the final page of his opposition to Defendants' motion to dismiss, Plaintiff ... requests leave to re-plead. Significantly, Plaintiff offers no basis for his request for leave to amend nor does he attach a proposed amended complaint. ... [B]ecause Plaintiff has failed to provide any basis or explanation as to why an opportunity to amend would cure the Complaint's deficiencies, the Court denies Plaintiff's request for leave to amend."); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 275–76 (2d Cir. 2006) (upholding dismissal without leave to replead where plaintiff "never—either before or after the grant of the motion—indicated to the district court how the complaint might be amended to cure its deficiencies").

## III.  CONCLUSION

The Reserve Banks respectfully ask that the Court dismiss with prejudice all claims asserted against them.

Dated: February 25, 2019          MEUNIER CARLIN & CURFMAN LLC

/s/ *Mary Katherine Bates*
Mary Katherine Bates (*pro hac vice*)
Lisa C. Pavento (*pro hac vice*)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
(404) 645-7700
kbates@mcciplaw.com
lpavento@mcciplaw.com

*Counsel for Federal Reserve Bank of Atlanta, Federal Reserve Bank of Boston, Federal Reserve Bank of Chicago, Federal Reserve Bank of Cleveland, Federal Reserve Bank of Dallas, Federal Reserve Bank of Kansas City, Federal Reserve Bank of Minneapolis, Federal Reserve Bank of New York, Federal Reserve Bank of Philadelphia, Federal Reserve Bank of Richmond, Federal Reserve Bank of St. Louis, and Federal Reserve Bank of San Francisco*