UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
NOW-CASTING ECONOMICS, LTD.,                                           :
                                                                       :
                          Plaintiff,                                   :          18 Civ. 2442 (JPC)
                                                                       :
         -v-                                                           :          ORDER
                                                                       :
ECONOMIC ALCHEMY LLC,                                                  :
                                                                       :
                          Defendant.                                   :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In this trademark dispute, Defendant Economic Alchemy LLC ("EA") moves this Court to reconsider its September 15, 2022 summary judgment decision in favor of Plaintiff Now-Casting Economics, Ltd. ("Now-Casting"). Because EA has not pointed to controlling decisions or materials that the Court overlooked that may have changed the Court's decision, and instead relies on a new argument that it could have raised previously but failed to, the motion is denied.

## I. Background

On September 15, 2022, the Court issued an Opinion and Order, which granted Now-Casting's motion for summary judgment as to its remaining claim and EA's remaining counter-claims, and denied EA's motion for summary judgment as to Now-Casting's claim. *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, No. 18 Civ. 2442 (JPC), 2022 WL 4280403 (S.D.N.Y. Sept. 15, 2022). In reaching that outcome, the Court held that no evidence suggested that EA's formerly registered, but now unregistered, trademarks were distinctive and therefore protectible. *Id.* at *1. The Court assumes familiarity with that Opinion and Order.

After the Court granted EA an extension of time to move to reconsider the September 15, 2022 Opinion and Order, Dkt. 215, EA filed a motion for reconsideration on October 6, 2022. Dkts. 216, 217 ("Motion"). EA then filed an "errata" addressing an error in its motion the following day. Dkt. 218 ("Errata"). Now-Casting opposed the motion on October 21, 2022. Dkt. 223. EA then filed a reply on October 31, 2022. Dkt. 226.

## II. Standard of Review

EA's motion is nominally one under Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3. Dkt. 216 at 1 ("[EA moves] for an Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 . . . for reconsideration of the Court's order dated September 15, 2022 . . . ."). But Rule 54(b) allows for district courts to revise an order "at any time before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). EA's motion was made after the entry of judgment on September 15, 2022, Dkt. 213, and so Rule 54(b) is not the correct vehicle for EA to seek reconsideration. Instead, because the motion was properly made under Local Civil Rule 6.3, the Court construes EA's motion as one under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). Local Civil Rule 6.3 similarly allows for a motion for reconsideration, though within fourteen days of the entry of judgment. Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order denying a motion, the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a

2

clear error or prevent manifest injustice.'" *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation marks omitted), *aff'd*, 558 F. App'x 138 (2d Cir. 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### III. Discussion

EA presents three arguments for why the Court should reconsider its previous decision. First, EA argues that the Court improperly disregarded the entirety of its Local Civil Rule 56.1 statement of undisputed material facts, including admissions by Now-Casting in its Complaint. Motion at 1-2. Second, EA argues that the Court overlooked evidence of its prior use of the trademarks, which undermine the Court's conclusions. *Id.* at 3-5. Third, EA argues that the Court should not have granted summary judgment in favor of Now-Casting because material questions as to distinctiveness existed. *Id.* at 5-8.

Starting with EA's first argument that the Court failed to consider evidence presented by its Local Civil Rule 56.1 statement, EA points to the Court's statement that "[a]s for EA's Rule 56.1 statement, EA once again has not complied with the Local Rule because it cited no admissible evidence. Thus, unless Now-Casting has admitted the facts in question, the Court will not consider

3

any facts raised only in EA's Rule 56.1 statement." *Id.* at 1 (citation omitted) (quoting, with omitted emphasis, *Now-Casting Econ.*, 2022 WL 4280403, at *1 n.1). EA argues that it did present evidence in the form of citations to Now-Casting's Complaint, which it frames as factual admissions by Now-Casting. Motion at 1-2. But the Court acknowledged such admissions when it stated that "*unless Now-Casting has admitted* the facts in question, the Court will not consider any facts raised only in EA's Rule 56.1 statement." *Now-Casting Econ.*, 2022 WL 4280403, at *1 n.1 (emphasis added). The Court did not, as EA contends, "disregard[] each and every statement in EA's initial Rule 56.1 statement." Motion at 2. Rather, the Court did consider all facts admitted by Now-Casting, including the allegations in its Complaint, but did not consider anything other than those admitted facts in terms of the content of EA's Rule 56.1 statement when determining whether EA demonstrated a dispute of material fact to defeat summary judgment. And more importantly, EA points to nothing in its Rule 56.1 statement that would have altered the Court's ultimate conclusions, instead highlighting only its quarrel with the Court's summary of background facts. *See* Motion at 2.

Next, EA argues that the Court incorrectly stated that EA "has not cited, let alone produced, any evidence of communications in late 2011" demonstrating that EA solicited customers, which therefore may have shown that EA engaged in prior use of the disputed trademarks. Motion at 3 (quoting *Now-Casting Econ.*, 2022 WL 4280403, at *3). EA argues that it did produce such material in discovery, pointing to a 2011 email that was attached to a sealing request and references to pre-August 29, 2012 emails in a declaration from Giselle Guzman, EA's founder. Motion at 3-

4

4.[1] EA also claims that the Court "failed to notice that the domain name registration receipt submitted by plaintiff in its sur-reply was actually purchased by" a different entity. *Id.* at 4-5.

This argument fails for two reasons. First, regardless of whether EA produced any material to Now-Casting in discovery, what matters is whether EA cited or produced that material *to the Court* in its summary judgment briefing. The Court is not expected to dig through all discovery material, or through all unrelated filings made by the parties, to resolve a motion for summary judgment, hence the need for parties to file thorough Rule 56.1 statements if there is evidentiary material that the party would like the Court to consider, which EA failed to do here. More importantly, however, the information cited by EA would not have changed the outcome of the Court's September 15, 2022 Opinion and Order, as the Court's final analysis did not entail a finding as to prior use.

Finally, EA argues that the Court improperly determined that EA failed to show the existence of a material question of fact as to the distinctiveness of the marks. Motion at 5-8. At summary judgment, EA argued that "Plaintiff cannot show that Defendant's marks are generic or merely descriptive" for two reasons: first, because the law of the case doctrine required the Court to abide by an earlier ruling which determined that the marks, then properly registered, were entitled to a presumption of validity (and therefore distinctiveness), and second, because regardless of that prior ruling, the marks should be entitled to the presumption of validity even after the

---

[1] In its lead brief seeking reconsideration, EA also pointed to entries in its production log, Motion at 5, but the next day EA advised the Court in the Errata that it had mischaracterized that log, Errata at 1 ("Defendant Economic Alchemy LLC respectfully submits this errata to its Memorandum in Support of its Motion for Reargument or Reconsideration . . . in order to correct an inadvertent error. At page 5, the [Motion] stated that, 'This is demonstrably incorrect. Exh. S3 clearly shows multiple entries marked as being responsive to Request No. 8. Specifically, page 40 of Exh. S3 shows that EA produced at least six documents identified as being responsive to Request No. 8,' followed by a list of documents. This was an error; the items from the production log were responsive to Interrogatory 8, not Request for Production 8 . . . .").

cancellation of their registration. Dkts. 135 at 10-12, 192 at 9-14. The Court determined that the law of the case doctrine did not bind it to follow the previous decision now that the marks were no longer validly registered, and further determined that the marks were no longer entitled to the presumption of validity that accompanies registration. *Now-Casting Econ.*, 2022 WL 4280403, at *10. Having dealt with EA's arguments, the Court determined that there was no genuine issue of material fact as to the issue of distinctiveness or protectability of the marks. *Id.* at *11.

EA's current argument in its motion for reconsideration is different. EA now argues that the "only relevant question," which the Court did not consider, is "whether the lack of a presumption of validity is equivalent to a lack of proof of validity sufficient to raise a material fact on a summary judgment motion in an action for a declaration of non-infringement." Motion at 7 (emphasis removed). Or, put differently: regardless of whether a cancelled trademark registration still entitles the corresponding marks to a presumption of validity, is the existence of that cancelled registration sufficient evidence, on its own, to survive summary judgment as to the issue of validity? Of course, the Court did not address this question previously because EA did not raise it. Regardless of the answer, a motion for reconsideration is not the time to present this new argument. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced . . . ." (internal quotation marks omitted)); *Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840 (VSB), 2021 WL 634717, at *3 (S.D.N.Y. Feb. 16, 2021) ("Nor is a motion for reconsideration a time to 'advance new facts, issues or arguments not previously presented to the Court.'" (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000))).

EA disagrees, insisting that this argument "was developed at considerable length in defendant's moving brief, and was premised on the substantive legal principle that *the presumption of validity of a registered trademark is not retroactively nullified* merely because the registration administratively lapsed, absent evidence of a change of in circumstances." Motion at 7 (emphasis added). But this framing exposes the problem. EA's previous argument concerned the presumption of validity, which the Court determined did not apply. Its new argument concerns the sufficiency of evidence absent that presumption, an issue that EA did not previously raise.[2]

Even had EA made the argument that it now advances, it does not cite to any "controlling authority" that demonstrates that the Court's previous determination was incorrect. It cites instead to a Northern District of Texas case, *Waples-Platter Companies v. General Foods Corp.*, 439 F. Supp. 551 (N.D. Tex. 1977); a Southern District of New York case, *Rodgers v. Wright*, 544 F. Supp. 2d 302 (S.D.N.Y. 2008), which the Court addressed in its prior opinion, *Now-Casting Econ.*, 2022 WL 4280403, at *10 n.10; and a sentence of *dicta* from a footnote in *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 529 n.6 (S.D.N.Y. 2012), which appeared nowhere in EA's original briefing. *See* Motion at 6-8. None of those citations constitute

---

[2] To the extent that EA points as well to its statement, made in its summary judgment briefing, that "plaintiff has failed to establish that defendant—who held registrations for the marks in question less than a year ago, and when this lawsuit was filed—cannot possibly prove facts at trial establishing the existence of secondary meaning," Motion at 7 (quoting Dkt. 192 (summary judgment opposition brief) at 15)), this statement was made following the argument that Now-Casting had failed to prove that EA's marks were not distinctive because of the law of the case doctrine and the presumption of validity. It was not some new argument regarding the evidentiary weight of the cancelled registration, but instead an articulation of EA's position that Now-Casting had failed to rebut the presumption of validity that EA claimed applied to the cancelled trademarks. There is again no indication that EA intended to make the separate argument that its cancelled trademark registrations, despite no longer entitling its trademarks to a presumption of validity, still served as evidence of distinctiveness.

"controlling authority," and thus they are insufficient material for the Court to reconsider its prior determination.

In sum, EA simply disagrees with the Court's determinations in the September 15, 2022 Opinion and Order, but fails to identify controlling decisions or materials that the Court overlooked that might reasonably be expected to alter that Opinion and Order. A motion for reconsideration is the improper forum to present such disagreement.

### IV.  Conclusion

For the above reasons, the Court denies EA's motion for reconsideration. The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 216.

SO ORDERED.

Dated: May 30, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge